UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VIRGIL LARONE HILEY,<br><br>　　　　Defendant. | No. EDCR 09-00121(B) CBM<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF MOTION TO SUPPRESS AND REQUEST FOR *FRANKS* HEARING** |

　　　　The matter before the Court, the Honorable Consuelo B. Marshall presiding, is Defendant Virgil Larone Hiley's Motion for Reconsideration of Motion to Suppress and Request for *Franks* Hearing. [Docket No. 127.]

## FACTUAL BACKGROUND

　　　　On March 29, 2010, Defendant Virgil Larone Hiley ("Mr. Hiley"), through his previous counsel, filed a motion to suppress evidence seized upon the search of room 224 of the Knights Inn Motel. (Motion for Reconsideration of Motion to Suppress and Request for *Franks* Hearing ("Mot. Recons.") at 3:18-3:19.) On April 28, 2010, the motion to suppress was denied for lack of standing. (Mot. Recons. at 4:12.) Mr. Hiley subsequently went to trial, resulting in a hung jury with the count ten for acquittal and two for guilt. (*Id.* at 3:14-3:15.) Thereafter, the Court declared a mistrial. (*Id.* at 3:15.) Mr. Hiley now moves this Court to reconsider its prior ruling on his motion to suppress the evidence seized as the result of the search of room 224 of the Knights Inn Motel. (*Id.* at 3:5-3:7.)

Specifically, Mr. Hiley argues that: (1) additional and new information was uncovered from the testimony at trial demonstrating that Officer Gerald Beall ("Officer Beall") made affirmative false statements in the affidavit in support of the search warrant, and (2) Officer Beall's testimony at trial revealed that he had omitted material facts from the affidavit in support of the search warrant which would have affected the determination that probable cause existed to issue the warrant. (*Id*. at 2:7-3:12.)

## I. FALSE STATEMENTS

Mr. Hiley contends that Officer Beall testified at trial about the surveillance at the Knights Inn Motel, the surveillance of Mr. Hiley, the nature of the search, and securing the search warrant to search room 224. (*Id.* at 4:16-4:20.) Officer Beall also testified about the "tip" that he received from his "confidential reliable informant" which formed the basis for the investigation of Mr. Hiley at the Knights Inn Motel. (*Id.* at 4:19-4:21.) Mr. Hiley further contends, however, that there were several inconsistencies between the testimony of Officer Beall and other witnesses, and Officer Beall's sworn affidavit. (*Id.* at 4:21-4:23.) Specifically, Mr. Hiley contends that Officer Beall testified that only two-hundred and ten dollars ($210) in U.S. currency had been found on Mr. Hiley during the traffic stop, while his sworn affidavit stated that Mr. Hiley had been found with four-hundred and fifty dollars ($450) "in denominations consistent with street level narcotics sales." (*Id.* at 4:26-5:2.)

Mr. Hiley further contends that the "probable cause" section of Officer Beall's affidavit states that, prior to August 1, 2008, Officer Beall had received information from "numerous confidential reliable informants" that Mr. Hiley was operating under the name "Splurge" and was selling cocaine base in the downtown area of the City of San Bernardino. (*Id.* at 5:3-5:5.) Officer Beall's affidavit also states that the informants told him that Mr. Hiley was driving a black "possibly Ford, pick-up truck." (*Id.* at 5:7-5:8.) Mr. Hiley contends that, during trial,

Officer Beall conceded that he had no independent records showing that a black Ford pick-up truck was registered to Mr. Hiley before August 1, 2008, and that, according to the DMV records admitted at trial, Mr. Hiley did not acquire the black Ford truck until mid-July 2008. (*Id.* at 5:8-5:12.) Mr. Hiley further contends that Officer Beall testified that he had confirmed Mr. Hiley's use of the name "Splurge" through his State of California Parole information, while the affidavit failed to include Mr. Hiley's "parole address," the Riverside, California, address where he resided while on parole. (*Id.* at 5:14-5:17.) Mr. Hiley contends that Officer Beall's failure to include Mr. Hiley's "parole address" is inconsistent with the statement that Officer Beall made in his sworn affidavit – that he secured a pass key for room 224 of the Knights Inn Motel from the motel manager "to secure the location for a parole search." (*Id.* at 5:14-5:19.)

## II. MATERIAL OMISSIONS

Mr. Hiley contends that Officer Beall failed to state: (1) that Mr. Hiley was personally searched twice (by Officers Gonzalez and Bennett), (2) that Mr. Hiley was detained for 45 minutes in handcuffs in a patrol car while the officers conducted a thorough search of the truck, (3) that no evidence of any drug trafficking or other crimes was uncovered during the search, (4) that no motel room key was found on Mr. Hiley or in the truck, and (5) that there was no evidence found during the search tying Mr. Hiley to room 224 of the Knights Inn Motel. (*Id.* at 5:22-6:2.)

Mr. Hiley further contends that Officer Beall's affidavit indicated that the motel "manager" at the Knights Inn Motel positively identified Mr. Hiley from a photograph as the person who rented room 224 under the name "Bobby Taylor." (*Id.* at 6:3-6:6.) However, Mr. Hiley contends that Officer Beall testified at trial that the Rental Agreement in question showed that room 224 was rented to a "Bobbie Taylor," who had given a California Driver's License as identification. (*Id.* at 6:6-6:10.) Moreover, the only employee from the Knights Inn Motel who

3

testified at trial was Chetan Patel. (*Id.* at 6:14-6:17.) Mr. Patel testified that he was not the employee who registered the guest for room 224, and that he had not prepared the Rental Agreement for "Bobbie Taylor." (*Id.*)

Mr. Hiley therefore concludes that Officer Beall's affirmative false statements and material omissions undermined the probable cause determination, such that the search warrant for room 224 of the Knights Inn Motel would not have been issued had the true facts been stated and no omissions made. (*Id.* at 6:19-6:21.)

## STANDARD OF LAW

### I. MOTION FOR RECONSIDERATION

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (*cert. denied*, 508 U.S. 951 (1993)). "The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion." *Id.* The Ninth Circuit held that "[a] court may have discretion to depart from the law of the case where: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id.* "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.* The "law of the case" doctrine ordinarily precludes reconsideration of a previously decided issue. *Id.* at 877. In the Ninth Circuit, a mistrial is not cause for an exception. *Id.*

A motion for reconsideration is appropriate if the district court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 n.1 (9th

4

Cir. 2005). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Moreover, Local Rule 7-18 further provides that: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7-18.

## II. *FRANKS* HEARING

A district court must suppress evidence seized pursuant to a search warrant if a defendant can show that the affidavit provided in support of the warrant contained intentionally or recklessly false information or an omission that was material to the finding of probable cause. *United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir. 1995) (citing *United States v. Leon*, 468 U.S. 897, 923, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984)). A criminal defendant is entitled to a hearing to test the veracity of an affidavit supporting the warrant under *Franks v. Delaware*, 438 U.S. 154 (1978), if he makes a substantial preliminary showing that the affidavit contained intentionally or recklessly false statements, and that the affidavit purged of its falsities would not be sufficient to support a finding of probable cause. *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir. 2000). Probable cause exists when there is a fair probability or substantial chance of criminal activity. *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) (citing *Illinois v. Gates*, 462 U.S. 213, 235 (1983)). It is well-settled that the

determination of probable cause is based upon the totality of the circumstances known to the officers at the time of the search. *Id.*

## DISCUSSION

### I. MOTION FOR RECONSIDERATION

#### A. Clearly Erroneous

Mr. Hiley argues that the Court's denial of his motion to suppress for lack of standing was "clearly erroneous." (*Id.* at 9:8-22.) The government argues that the Court's denial was not "clearly erroneous," as Mr. Hiley's stance on his control and access to room 224 of the Knights Inn Motel changed dramatically at the trial. (Government's Opposition to Defendant's Motion to Reconsider and Request for a *Franks* Hearing ("Opp'n to Mot. Recons.") at 11:5-11:22.) In its opposition, the government agreed with Judge Virginia Phillips' conclusion that Mr. Hiley's "bald assertion that he was an overnight guest…is not sufficient to establish that he had a legitimate expectation of privacy." *United States v. Reyes-Bosque,* 596 F.3d 1017, 1027 (9th Cir. 2010). The government further notes that, "[t]o demonstrate this [legitimate expectation of privacy], [defendant] must manifest a subjective expectation of privacy in the area searched, and [his] expectation must be one that society would recognize as objectively reasonable." *United States v. Sarkisian*, 197 F.3d 966, 987 (9th Cir. 1999). The government therefore concluded that, because Mr. Hiley's declarations filed in support of his motion to suppress stated that he was a "guest" or a "motel guest" of room 224 of the Knights Inn Motel, Mr. Hiley failed to meet his burden. (Opp'n to Mot. Recons. at 10:19-10:21.) The government further contends that this Court must also consider Mr. Hiley's lack of interest in the items seized in room 224 as a factor, as Mr. Hiley testified that the "drugs, gun, money, digital scale, and plastic baggies" seized from the room were not his, and that he had never seen them in the room before. (*Id.* at 11:23-12:8.) Lastly, the government contends that the search of room 224 still would have been lawful because Mr. Hiley was on parole.

6

(*Id.* at 12:20-12:23; 16:3-16:11.) Thus, the validity of the search warrant is not dispositive. (*Id.* at 12:23-12:24.)

The Court finds that Judge Virginia Phillips' finding that Mr. Hiley lacked standing to move to suppress the evidence seized during the search of room 224 of the Knights Inn Motel was not "clearly erroneous." Mr. Hiley testified at trial that the "drugs, gun, money, digital scale, and plastic baggies" seized from the motel room were not his, and that he had never seen them in the motel room before. Moreover, Mr. Hiley's two declarations stated that he was a "guest" or a "motel guest" of room 224. The Court finds no cases, and Mr. Hiley does not cite any cases, which would permit the Court to conclude that a mere motel guest has an expectation of privacy over the motel room. The Court concludes that, as a "guest" or "motel guest" of room 224 of the Knights Inn Motel, Mr. Hiley had no expectation of privacy over the motel room. Therefore, Mr. Hiley lacks standing to seek to suppress the evidence seized from room 224 of the Knights Inn Motel.

Moreover, the motel room was rented by "Bobbie Taylor," Mr. Hiley's mother, and not Mr. Hiley. Mr. Hiley lacked standing to bring a motion to suppress the evidence seized in room 224. In addition, Officer Beall had previously contacted Mr. Hiley's parole officer and confirmed that Mr. Hiley was on parole.

### B. Substantially Different Evidence

Mr. Hiley argues that the "material" or "substantial difference" of the evidence that is now before the Court is the trial testimony of Officer Beall and other witnesses. Mr. Hiley argues that it is only now apparent that Officer Beall made affirmative false statements in his search warrant affidavit, and omitted material facts that undermine the finding of probable cause. (*Id.* at 9:23-27.) Mr. Hiley contends that he could not have uncovered these facts before trial because there was no evidentiary hearing on the motion to suppress. (*Id.* at 9:26-10:2.) The government argues that most of the evidence that Mr. Hiley contends was not

uncovered until the trial was known by him before the date the Court denied Mr. Hiley's motion to suppress. (Opp'n to Mot. Recons. at 13:13-15.) Therefore, the government argues that there are no "substantial differences" in the evidence or "changed circumstances." (*Id.* 13:13-17.) The government further contends that Mr. Hiley is improperly relying on the mistrial when requesting the instant motion for reconsideration. (*Id.*)

The Court finds that the evidence before this Court is substantially different from that which was before Judge Virginia Phillips. Mr. Hiley uncovered new and additional evidence during trial regarding false statements and material omissions that Officer Beall made in his search warrant affidavit. The trial testimony occurred after Judge Phillips' denial of the motion to suppress. Therefore, the Court finds that this supports the granting of the motion for reconsideration.

### C. Changed Circumstances

Mr. Hiley also argues that the "changed circumstance" before the Court is the evidence that was introduced at trial through the testimony of Officer Beall and other witnesses, which allowed Mr. Hiley to uncover falsehoods and material omissions from Officer Beall's affidavit. (Mot. Recons. at 9:12-17.) However, the government argues that the Court should not depart from the "law of the case" doctrine, as the only "changed circumstance" is the mistrial, which is not cause for an exception. (Opp'n to Mot. Recons. at 8:25-8:28.)

The Court finds that the trial testimony of Officer Beall is sufficient to demonstrate that changed circumstances occurred since the Court's ruling on the motion to suppress. The trial testimony included evidence that Officer Beall made false statements in his affidavit when he declared that $450 "in denominations consistent with street level narcotics sales" had been found on Mr. Hiley during the traffic stop, when only $210 in U.S. currency was found in Mr. Hiley's wallet. Therefore, the Court finds that this supports the granting of the motion for

8

reconsideration.

### D. Manifest Injustice and Intervening Change in Law

The Court finds that Mr. Hiley would suffer a manifest injustice if the Court refused to consider the new evidence presented at trial in ruling on the motion to suppress. The Court also finds that there has been no intervening change in the law since Judge Phillips' ruling.

### II. *FRANKS* HEARING

Mr. Hiley also requests the Court to hold a *Franks* hearing to test the veracity of the affidavit in support of the search warrant. Mr. Hiley contends that Officer Beall's failure to include information about his Riverside, California "parole address," that Mr. Hiley was searched twice and detained for forty-five minutes in handcuffs in a patrol car while officers conducted a search of his truck, that no evidence of any drug trafficking or any other crime were uncovered during the search, that no motel room key was found on Mr. Hiley, and that the Knights Inn Motel employee, Chetan Patel, was not the person who registered the guest for room 224, are all material omissions that would support a finding that the search warrant was invalid. The government urges the Court to deny Mr. Hiley's request for a *Franks* hearing because Mr. Hiley has failed to make a preliminary showing that: "(1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information." (*Id.* at 17:3-10) (citing *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 200)).

The Court finds that Mr. Hiley has made a substantial preliminary showing that Officer Beall's affidavit may have contained intentionally or recklessly false statements and material omissions, and that the affidavit purged of its falsities and omissions may not be sufficient to support a finding of probable cause. The Court further finds that Mr. Hiley is entitled to a *Franks* hearing to test the veracity of Officer Beall's affidavit supporting the search warrant for room 224 of the

9

Knights Inn Motel. Accordingly, a *Franks* hearing was held before this Court on November 29, 2011.

Upon consideration of the testimony and evidence received during the *Franks* hearing, including the evaluation of the demeanor and credibility of the witnesses, the Court finds that, even if the alleged statements and material omissions were purged from the search warrant, the affidavit would still support a finding of probable cause. Based on the totality of the circumstances known to the officers at the time of the search, the Court finds that there was still a fair probability or substantial chance of criminal activity in room 224 of the Knights Inn Motel. The Court finds that, had the magistrate judge been aware of these false statements or omissions, a search warrant would have still been issued. Therefore, the evidence found during the search of room 224 of the Knights Inn Motel is not suppressed.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant Virgil Larone Hiley's Motion for Reconsideration of Motion to Suppress and Mr. Hiley's Request for *Franks* Hearing. [Docket No. 127.]

The Court, having considered the new evidence offered in support of the motion for reconsideration and the evidence offered at the *Franks* hearing, including the demeanor and credibility of the witnesses, hereby **DENIES** Defendant Virgil Larone Hiley's Motion to Suppress the evidence found during the search of room 224 of the Knights Inn Motel based on lack of standing, Mr. Hiley's parole status, and because the search was conducted pursuant to a valid search warrant. [Docket No. 19.]

**IT IS SO ORDERED.**

DATE:  December 26, 2011

UNITED STATES DISTRICT JUDGE